IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMBROSE SYKES, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civil Action No. 09-076-GBW |
| : | |
| CLAIRE DEMATTEIS, : | |
| Commissioner, Delaware Department : | |
| of Corrections, and ROBERT MAY, : | |
| Warden, : | |
| : | |
| Respondents. : | |

## MEMORANDUM ORDER[1]

At Wilmington this 28th day of March, 2023, having considered Petitioner's Motion for Discovery (D.I. 79), the State's Response in Opposition (D.I. 80), and Petitioner's Reply to the State's Response (D.I. 81), the Court finds that:

1. In June 2006, a Delaware Superior Court jury convicted Petitioner of first-degree murder and other charges, and he was sentenced to death. (D.I. 45 at 8) In 2009, Petitioner filed in this Court a Petition for Writ of Habeas Corpus

---

[1]This case was re-assigned to the undersigned's docket on September 7, 2022.

pursuant to 28 U.S.C. § 2254. (D.I. 9) Upon Petitioner's motion, the proceeding was stayed. (D.I. 11) In 2017, Petitioner's death sentence was vacated, and he was resentenced on the homicide counts to life in prison without parole. (*Id.* at 10-11) In 2019, following the exhaustion of state remedies, Petitioner filed a Second Amended § 2254 Petition. (D.I. 45) In Claim Two of his Second Amended Petition, Petitioner contends that the prosecutors violated *Batson v. Kentucky*, 476 U.S. 79 (1986) by excluding African-American jurors. (D.I. 45 at 17-28) Petitioner seeks the following discovery in support of his *Batson* Claim:

   a. The trial prosecutor's voir dire notes and/or any notations regarding prospective jurors.

   b. All jury voir dire instruction manuals in use at the Attorney General's office(s) at the time of the trial including but not limited to handling of *Batson* challenges and related issues.

   c. All jury venire training materials available to the trial prosecutors in the Attorney General's office(s) at the time of [Petitioner's] trial including but not limited to the handling of *Batson* challenges and related issues.

(D.I. 79 at 2-3) The State opposes Petitioner's request, asserting:

   a. The request is impermissible under *Cullen v. Pinholster*, 563 U.S. 170 (2011), because "Petitioner's *Batson* claim was adjudicated on the merits in the Delaware courts" and, although the prosecutors' voir dire notes were provided under seal to the Delaware Superior Court for an *in camera* review, the documents sought are not part of the official state court record. (D.I. 80 at 6-8, 12)

2

    b. Petitioner's request for training material is based on the purely speculative supposition that the Department of Justice *could* have had a policy in 2006 of excluding minorities from jury service. (D.I. 80 at 11) (emphasis in original)

In his Reply to the State's Response, Petitioner asserts that the "Court should order the State to produce the records[*i.e.*, the prosecutors' jury voir dire notes] initially for *in camera* review." (D.I. 81 at 3)

2. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Vasquez v. Glover*, 2010 WL 2569715, at *1 (D.N.J. June 24, 2010). Rather, decisions on discovery requests rest in the sound discretion of the court. *See Levi v. Holt*, 192 F. App'x 158, 162 (3d Cir. 2006). Rules 6 and 7 of the Rules Governing Section 2254 Cases in the United States District Courts provide further guidance for discovery issues in habeas proceedings. Pursuant to Rule 6(a), a court may authorize a party to conduct discovery under the Federal Rules of Criminal or Civil Procedure only if the court determines there is "good cause" for such discovery. *See* Rule 6(a), 28 U.S.C. foll. § 2254. Rule 6(b) states that a "party requesting discovery must provide reasons for the request […] and must specify any requested documents." Rule 6(b), 28 U.S.C. 28 U.S.C. foll. § 2254. Good cause exists where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to

3

demonstrate that he is entitled to relief. *See Harris v. Nelson*, 394 U.S. 286, 300 (1969); *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011) ("The burden rests upon the [movant] to demonstrate that the sought-after information is pertinent and that there is good cause for its production."); *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994) (a petitioner establishes "good cause" by "point[ing] to specific evidence that might be discovered that would support a constitutional claim"). In turn, Rule 7 states that a federal court may "direct the parties to expand the record by submitting additional materials relating the to the petition." *See* Rule 7(a), 28 U.S.C. foll. § 2254. Although discovery in a habeas proceeding may not be used to embark on a fishing expedition intended to develop claims for which there is no factual basis,[2] a petitioner need not demonstrate that additional discovery will definitively lead to relief. Rather, a petitioner "need only show good cause that the discovery will lead to relevant evidence regarding his petition." *Williams v. Wetzel*, 2021 WL 1224130, at *2 (E.D. Pa. Mar. 31, 2021).

    3. The Court is not persuaded that *Pinholster* bars discovery in this case, and concludes that Petitioner has demonstrated "good cause" for limited discovery of the trial prosecutors' jury voir dire notes and/or any of their notations regarding prospective jurors. (*See* D.I. 81 at 3); *see also Williams v. Wetzel*, 2021 WL 1224130, at *4 (E.D. Pa. Mar. 31, 2021). Petitioner has provided specific

---

[2] *Williams*, 637 F.3d at 211.

4

allegations providing the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *See Bracy*, 520 U.S. at 908-09. Significantly, the prosecutors' notes were provided to the Delaware Superior Court under seal, "which reviewed them *in camera* as part of its consideration of the *Batson* issue while the case was on remand from the Delaware Supreme Court." (D.I. 80 at 11)

4. In contrast, at this juncture, the Court is not persuaded that Petitioner has demonstrated good cause for discovery of the requested training materials.

Accordingly, based on the foregoing, **IT IS HEREBY ORDERED** that Petitioner's Motion for Discovery (D.I. 79) is **GRANTED** in part and **DENIED** in part.

1. The Motion is **GRANTED** with respect to Petitioner's discovery request for an initial *in camera* review of the trial prosecutors' jury voir dire notes and/or any of their notations regarding prospective jurors. (*See* D.I. 81 at 3) Within sixty days of the date of this Memorandum Order, the State must produce two copies of the aforementioned discovery to Chambers for an *in camera* review.

2. The Motion is **DENIED** without prejudice to renew with respect to Petitioner's following discovery requests for:

> a. "All jury voir dire instruction manuals in use in the Attorney General's office(s) at the time of the trial, including but not limited to, handling of *Batson* challenges and related issues."

b. "All jury voir dire training materials available to the trial prosecutors in the Attorney General's office(s) at the time of [Petitioner's] trial, including but not limited to, handling of *Batson* challenges and related issues."

_____
United States District Judge